**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **TOMMY J. DENSON,** | ) | |
| **TDCJ No. 687907,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 7:12-CV-166-O-BL |
| | ) | |
| **TEXAS BOARD OF PARDONS** | ) | |
| **AND PAROLES,** | ) | |
| | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by a person who, at the time of filing, is confined to the Allred Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), in Iowa Park, Texas. This matter was referred to the United States Magistrate Judge for pre-trial management pursut to Misc. Order 6.  Petitioner challenges the validity of a determination of ineligibility for parole following a disciplinary violation by the Texas Board of Pardons and Paroles ("BPP").

In support of his petition, Petitioner contends he was denied due process and presents the following grounds for relief:

   1.  Petitioner was informed that he would be eligible for parole following the successful completion of a treatment program;

   2.  Petitioner received a major disciplinary violation;

   3.  Petitioner's time earning classification was reduced from S3 to Line Class 1;

   4.  Petitioner was also demoted in custodial status as a result of the disciplinary violation; and

    4.     Petitioner was notified that because of his major disciplinary violation, his parole was denied and his next parole review date was set.

Petition ¶¶ 20 A-C. Petitioner is seeking injunctive relief in the form of an order preventing institutional disciplinary convictions from affecting parole eligibility. Petition ¶21; Petitioner's Brief filed September 28, 2012 (Doc. 4)..

In the context of the disciplinary hearing process, a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Inmates who are charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Such liberty interests may emanate from either the Due Process Clause itself or from state law. *See Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Liberty interests arising from state law are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484 (internal citations omitted). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id*. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

The protections afforded by the Due Process Clause thus do not extend to "every change in the conditions of confinement" which adversely affects prisoners. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Sanctions which may be imposed as a result of disciplinary cases, including various terms of commissary, recreation, and cell restriction, do not implicate concerns that are

protected by the Due Process Clause. *Id.* at 486; *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Moreover, an inmate has neither a protected property nor liberty interest in his custodial classification." *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (internal citations omitted).

A constitutionally protected liberty interest can be implicated in a prison disciplinary action only where the inmate is eligible for mandatory supervised release and he forfeits previously earned good-time credits which will ultimately delay his release on mandatory supervision. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). An inmate has no constitutionally protected interest in his prison custodial classification or in his future good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest).

Under the circumstances of the instant case, no constitutionally protected liberty interest is implicated. Petitioner alleges that although the BPP indicated that he would be eligible for parole upon the successful completion of the treatment program, Petitioner received a disciplinary case which resulted in a change in his custodial and time-earning status. Petition ¶16. Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). Thus, a prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, which increases his sentence beyond the time that would otherwise have resulted from state law providing mandatory sentence reductions for good

3

behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). However, a prisoner has a protected liberty interest in the loss of accrued good time only if he is eligible for release to mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). The "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken*, 71 F.3d at 193. It is "entirely speculative" whether or when a Texas prisoner will obtain release on parole because the decision is discretionary. *Madison*, 104 F.3d at 768. Accordingly, the loss or delay of the opportunity to seek parole does not implicate the Due Process Clause. *See id.*

Under the circumstances of the instant case, no constitutionally protected liberty interest is implicated. Petitioner does not have a constitutionally protected interest in his custodial classification or time-earning status, and whether and when he will be found eligible for parole and is paroled is entirely speculative. Petitioner was informed that he could be eligible for parole upon successful completion of the treatment program. However, Petitioner's eligibility was affected by his disciplinary violation.

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DENIED**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 24th day of October, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**